Moncure, P.,
delivered the opinion of the court.
This is a supersedeas to a judgment of the circuit court of Clarke county, recovered by, or in the name ■of The Insurance Company of the Valley of Virginia against John D. Eiehardson, on a single bill obligatory for sixteen hundred and fifty dollars, dated the first day of June 1861, payable on demand, with interest from the first day of July 1860, payable annually. The defendant plead payment, set-off, and the statute •of limitations, to which the plaintiff replied generally, •and issues were thereupon joined. Afterwards a spe *751 cial plea was filed by leave of the court, first craving oyer of the endorsements on the said obligation, which are set out in the plea, and consist of a pledge in these words:
“ I hereby pledge sixty shares of stock in ‘ The Insurance company of the Valley of Virginia,’ and authorize sale of the same by the secretary, in the event of the non-payment of this note, whenever required by the board of directors.
J. D. Richardson.”
Also of a statement showing that interest on the obligation to January 1st 1863, was cancelled, that the semi-annual dividends on the sixty shares of stock were regularly credited on the said obligation from January 1, 1863, to July 1, 1864, inclusive, each of said credits amounting to $150; that. interest on said obligation at the same dates was regularly cancelled, and that the balance remaining due thereon was $1,050 with interest from July 1, 1864. The special plea then proceeded in these words: “ Whereupon defendant says, that the sixty shares of stock pledged by him to plaintiff as set forth in the endorsement, remained under the exclusive management, custody and control •of plaintiff from date of said obligation hitherto, and that during this period, the plaintiff had so carelessly and improvidently managed and controlled said stock, as that the same had, before the commencement of this suit, become utterly valueless, unavailing and lost to defendant as property. And thereby defendant has sustained loss to the amount of $1,500; and this amount he now offers to set-off against plaintiff’s demand.” The special plea was sworn to by the defendant. The plaintiff demurred to it, and the defendant joined in the demurrer; which upon argument was *752 sustained by tbe court. Afterwards to-wit: on the 2nd day of March 1875; the case came on to be tried the issues which had been made up on the otherpieas as aforesaid, and neither party demanding a jury, it was considered by the court that the plaintiff recover against the defendant $1,650, the debt in the declaration mentioned, with six per centum per annum interest thereon from July 1, 1860, reduced by credits to-$1,050 with six per centum per annum interest from July 1, 1864, until paid, and his éosts by him about his-suit in that behalf expended. To this judgment the defendant applied to a judge of this court for a writ of error and supersedeas; which were accordingly awarded. And that is the case we have now to dispose of.
The only question in the case is as to the sufficiency of the special plea. Does it present a bar to the action? We are.decidedly of opinion that it does not. Every plea in bar to be a good defence to the action must aver with sufficient certainty such facts as amount to a legal bar. The facts must be set out with such particularity in the plea as to inform the plaintiff of the nature of the defence intended to be relied on, and thus to enable him to reply to it, to make up the issue thereon, and prepare for trial.
How the special plea in this case certainly does not come up to the terms of this legal requisition. It avers that “the plaintiff had so carelessly and improvidently managed and controlled said stock, as that the same had, before the commencement of this suit, become utterly valueless and unavailing and lost to the defendant as property.” But it does not set forth and show what acts the plaintiff had done or omitted to do in regard to the stock, which acts or omissions were intended to be complained of in the plea. It does not ■therefore sufficiently appear whether such acts or *753 omissions constitute a good defence to the action. We may conjecture that what the defendant meant by the careless and improvident management and control the stock referred to in the plea, was that the plaintiff did not sell the stock, or have it sold, but retained possession of it until it perished in consequence of the war. This can only be a conjecture and cannot be assumed as the real intention of the defendant in framing his special plea. But even if it could be, or even if the plea had expressly charged the fact, “ that the plaintiff did not sell the stock, or have it sold, but retained possession of it until it perished in consequence of the war,” yet that fact, assuming it to be a fact, would not constitute a legal bar to the action. The stock was a mere pledge as collateral security of the payment of the obligation. The plaintiff might have sold it, or had it sold for the payment of the obligation, but was not bound to do so; at least without being required by the defendant; and it is not averred in the plea nor is it pretended as matter of fact, that any such requisition ever was made, or that the defendant ever said anything to the plaintiff on the subject of such a sale. The defendant no doubt expected when he pledged the stock to the plaintiff, that there never would be any occasion for the sale of it, but that the plaintiff would hold possession of it and receive the dividends and apply them to the debt until it suited the defendant’s convenience to pay the debt and thus redeem the stock; or until the plaintiff chose to demand payment of the debt, and it was not otherwise convenient for the defendant to make such payment than by a sale of the stock. It was competent for the defendant to pay the debt and redeem the stock, and he ought to have proceeded in that way, or at least have notified or requested the plaintiff to sell the stock *754 if he wished to have it sold for the payment of the debt. And not having pursued this plain course which had a right to pursue, he cannot justly complain of plaintiff for not doing or having had done what he, the defendant, might himself have done, and ought to have done if he desired it to be done.
It can hardly be necessary to refer to authority in support of the foregoing views. It can be found in abundance in the notes to the cases referred to in the petition for a writ of error—Pain v. Packard and King v. Baldwin, 2 American Leading cases, 5th edition, pp. 362-418. As to the rights and duties of a creditor to whom property is pledged by his debtor in such cases, see Rosenbaums v. Weedon, Johnson & Co., 18 Gratt. 785, and the cases cited therein. See also Burtners v. Keran, 24 Gratt. 42, in which the opinion delivered by Staples, J., was concurred in by the other judges. It was there held that “where a deed is procured by fraudulent misrepresentations, the defence can only be made at law, in the mode provided by the statute; Code of 1860, ch. 172, § 5; and the defendant should file a special plea, averring the fraud or special circumstances which entitle him to relief in equity. And the facts should be set forth with sufficient precision and certainty to apprize the plaintiff' of the character of the 'defence intended to be made; and to enable the court to decide whether the matter relied on constitutes a valid claim to equitable relief.” Such is the statement contained in the syllabus, and it seems truly to report the decision of the point. The principle there announced directly applies to this case and is conclusive of it.
We are of opinion that there is no error in the judg- ’ ment, and that it ought to be affirmed.
Judgment aeeirmed.